**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Todd LEIDIG, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 6, 2003.

Filed May 14, 2004.

Michael J. Toms, Chambersburg, for appellant.

Ronald T. Williamson, Assistant District Attorney, for Commonwealth, appellee.

Before: FORD ELLIOTT, TODD, and POPOVICH, JJ.

OPINION BY TODD, J.:

¶ 1 Todd Leidig appeals the judgment of sentence imposed by the Franklin County Court of Common Pleas after he pled *nolo contendere* to aggravated indecent assault.[1] We affirm.

¶ 2 On September 19, 2002, Appellant entered a plea of *nolo contendere* to the charge of aggravated indecent assault. The charge was based on an incident that occurred on or about June 8, 2000, wherein Appellant sexually assaulted his 13–year-old stepdaughter. During his plea hearing, Appellant was advised by the trial court that he would be required to undergo an assessment to determine whether he was a sexually violent predator and subject to the registration requirements of Megan's Law. On January 22, 2003, Appellant was sentenced to a term of 48 to 120 months incarceration and was advised that

---

1. 18 Pa.C.S.A. § 3125.

he would be subject to a ten-year registration period under Megan's Law.

¶ 3 Subsequent to the imposition of sentence, Appellant came to realize that he would be subject to a lifetime registration requirement under Megan's Law and filed a motion to withdraw his plea. Appellant asserted that had he known he would be subject to lifetime registration, he would not have pled *nolo contendere*, and, therefore, that he did not knowingly and intelligently enter his plea.[2] Appellant also sought modification of his sentence. The trial court denied both motions on February 5, 2003. This appeal followed.

¶ 4 On appeal, Appellant raises the following issues:

1. Whether the Sentencing Court erred when it denied Defendant's Post–Sentence Motion to Withdraw Nolo Contendere Plea, the plea agreement having been based on a mutual mistake of fact that Defendant would only be subject to the ten year registration requirement under Megan's Law I when, in fact, Defendant is subject to the lifetime registration requirement under Megan's Law II?

2. Whether the Sentencing Court erred when it ordered Defendant to comply with an incorrect registration requirement under Megan's Law?

(Appellant's Brief at 4.)

¶ 5 Preliminarily, we note that in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea. *Commonwealth v. Miller*, 748 A.2d 733, 735 (Pa.Super.2000). Further-more, this Court has explained that "[o]nce a guilty plea has been entered and sentence imposed, the plea may be withdrawn only upon a showing of manifest injustice, which may be established if the plea was not voluntarily or knowingly entered." *Commonwealth v. Brown*, 451 Pa.Super. 514, 519, 680 A.2d 884, 887 (1996) (citation omitted).

¶ 6 In its opinion written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, the trial court acknowledged that Appellant was advised by his attorney, the Commonwealth, and the court that he would be subject to a ten-year registration requirement. (Trial Court Opinion, 4/28/03, at 2.) The trial court further opines that "if the defendant is subject to the lifetime registration requirement, then the defendant should be able to withdraw his plea because the defendant would not have knowingly and intelligently entered into the plea agreement." (*Id.*) Thus, we first address the issue of whether Appellant is subject to a lifetime registration requirement under Megan's Law.

¶ 7 Pennsylvania first adopted Megan's Law ("Megan's Law I"), 42 Pa.C.S.A. §§ 9791–9799.6, on October 24, 1995, and the registration portion of the statute took effect on April 21, 1996. Under Megan's Law I, the registration period was ten years. On May 10, 2000, however, Megan's Law I was amended, and the amended version ("Megan's Law II"), 42 Pa. C.S.A. §§ 9795.1–9799.7, became effective on July 9, 2000. The registration period

---

**2.** Our review of the transcript of Appellant's plea hearing indicates that Appellant was advised by the trial court regarding the applicability of Megan's Law to his case. It is unclear, however, whether Appellant was advised during his plea hearing as to the duration of the registration requirement under Megan's Law. We note, however, that the trial court does not dispute the fact that Appellant believed at the time of his plea that the registration period was ten years, and we find this to be a reasonable conclusion as it appears that the trial court, defense counsel, and the Commonwealth believed the registration period to be ten years even as of the date of sentencing.

under Megan's Law II is lifetime registration.

¶ 8 This Court considered the applicability of the lifetime registration requirement under Megan's Law II to an appellant who committed an offense prior to the effective date of Megan's Law II in *Commonwealth v. Fleming*, 801 A.2d 1234 (Pa.Super.2002). In *Fleming*, the appellant pled guilty to attempted criminal homicide and involuntary deviate sexual intercourse. Following his plea on August 9, 2000, the trial court, on December 6, 2000, imposed a sentence which included, *inter alia*, lifetime registration under Megan's Law II. On December 13, 2000, the appellant filed a motion for modification of sentence wherein he argued that he should be subjected to registration for ten years since the underlying offense occurred on September 18, 1999, prior to the effective date of Megan's Law II. The trial court denied the appellant's motion, and on appeal, this Court rejected the appellant's arguments and held that he was subject to the lifetime registration requirement under Megan's Law II.

¶ 9 In the case *sub judice*, the offense to which Appellant pled *nolo contendere* occurred on June 8, 2000, prior to the effective date of Megan's Law II. Appellant entered his plea and was sentenced subsequent to the effective date of Megan's Law II, as was the appellant in *Fleming*. We conclude, therefore, that under *Fleming*, Appellant is subject to lifetime registration under Megan's Law II.[3]

■ ¶ 10 Notwithstanding the fact that Appellant is subject to lifetime registration, the Commonwealth contends that Ap-

pellant is not entitled to withdraw his plea because the registration period, whether it be for ten years or a lifetime, is not punitive in nature. The Commonwealth further argues that "the registration requirement was simply a collateral consequence that had no bearing on the voluntariness of [Appellant's] plea." (Commonwealth's Brief at 8.)

■ ¶ 11 If, in fact, the mandatory registration period under Megan's Law is a collateral consequence of Appellant's guilty plea, as the Commonwealth suggests, it is true that Appellant would not be entitled to withdraw his plea as a result of his lack of knowledge of the registration requirement. As we noted in *Brown*:

> [T]he appellate courts of the Commonwealth consistently have ruled that a defendant's lack of knowledge of collateral consequences to the entry of a guilty plea does not render a plea unknowing or involuntary. *Commonwealth v. Frometa*, 520 Pa. 552, 555 A.2d 92 (1989) (plea valid even though defendant not informed he would face deportation as a result of plea); *Pennsylvania Department of Transportation v. Johnson*, 434 Pa.Super. 1, 641 A.2d 1170 (1994) (guilty plea to various drug charges could not be withdrawn based on fact defendant was not told that his driver's license would be suspended for ninety days due to entry of plea); *see also Commonwealth v. Duffey*, 536 Pa. 436, 639 A.2d 1174 (1994).

*Brown*, 451 Pa.Super. at 519–20, 680 A.2d at 887 (holding that the possibility of probation revocation in an unrelated case is a collateral consequence to a guilty plea and

---

**3.** In opining that Appellant was not subject to lifetime registration, the trial court relied on this Court's decision in *Commonwealth v. Richardson*, 784 A.2d 126 (Pa.Super.2001), *appeal denied*, 568 Pa. 630, 793 A.2d 907 (2002), wherein this Court held that the registration requirements of Megan's Law I did not apply to the appellant therein. In *Richardson*, however, the appellant was convicted of and fully served his sentence for rape and involuntary deviate sexual intercourse prior to the enactment of Megan's Law I.

the fact that a defendant was not informed of such a possibility does not undermine the validity of his guilty plea).

¶ 12 Whether mandatory registration under Megan's Law constitutes a direct or collateral consequence of a guilty plea appears to be an issue of first impression in the Commonwealth. We note that a collateral consequence has been defined as "one that is not related to the length or nature of the sentence imposed on the basis of the plea." *United States v. Romero–Vilca*, 850 F.2d 177, 179 (3d Cir.1988). In contrast, a direct consequence "is one that has a 'definite, immediate, and largely automatic' effect on the range of the defendant's punishment." *Parry v. Rosemeyer*, 64 F.3d 110, 114 (3d Cir.1995), *superseded by statute as stated in Dickerson v. Vaughn*, 90 F.3d 87 (3d Cir.1996). Indeed, the United States Court of Appeals for the Third Circuit has held that "the only consequences considered direct are the maximum prison term and fine for the offense charged." *Id.*

¶ 13 In *Commonwealth v. Williams*, 574 Pa. 487, 832 A.2d 962 (2003), the Pennsylvania Supreme Court considered the constitutionality of Megan's Law II. Specifically, the Court addressed the issue of whether the registration, address notification, and counseling requirements of Megan's Law II constitute criminal punishment. The Court applied the United States Supreme Court's traditional two-level inquiry[4] and concluded that the registration, notification and counseling requirements do not constitute criminal punishment for constitutional purposes. *Id.* at 523–24, 832 A.2d at 984; *see also Commonwealth v. Anthony*, 841 A.2d 542 (Pa.Super.2004).

¶ 14 In view of our Supreme Court's determination that the registration requirements of Megan's Law II do not constitute criminal punishment, it follows that the registration requirement cannot be considered to have a definite, immediate, and largely automatic effect on Appellant's punishment. As such, it is properly characterized as a collateral consequence of an appellant's plea.

¶ 15 Our research has revealed that a number of our sister states have reached the same conclusion. *See, e.g., State v. Ward*, 123 Wash.2d 488, 869 P.2d 1062 (1994) (Washington Supreme Court held that since duty to register as a sex offender under state Megan's Law does not alter the standard of punishment, the registration requirement was a collateral consequence of appellant's guilty plea and, therefore, there was no constitutional requirement that appellant be advised at the time of his guilty plea of his duty to register as a sexual offender); *Alvarez v. State*, 63 S.W.3d 578, 581 (Tex.App.-Fort Worth 2001) (Texas Court of Appeals held that sex offender registration under state Megan's Law was a collateral consequence of the appellant's guilty plea and the trial court's failure to admonish him regarding registration alone did not invalidate plea, and that in absence of evidence that the appellant was unaware of the consequences of the plea or misled or harmed by trial court's admonishment, trial court's failure to advise him of registration requirement was harmless error); *State v. Partlow*, 840 So.2d 1040 (Fla.2003) (Florida Supreme Court held that because sexual offender registration requirement under state Megan's Law is not punishment, it does not affect the range of the defen-

---

4. Under this two-pronged test, a court first must inquire as to whether the legislature intended to impose punishment, and, if not, whether the statutory scheme is so punitive in purpose or effect as to negate the legislature's non-punitive intent. *Smith v. Doe I*, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003).

dant's punishment and is merely a collateral consequence of the defendant's plea about which he does not have to be informed); *State v. Scott*, 2003 WL 21204469 (Del.2003) (noting that Delaware Supreme Court had deemed the registration and community notification provisions of Delaware's sex offender registration law to be collateral consequences of a defendant's guilty plea and fact that defendant is not informed of such collateral consequences does not render his plea defective); *State v. Bollig*, 232 Wis.2d 561, 605 N.W.2d 199 (2000) (Wisconsin Supreme Court held that sex offender registration requirement under state Megan's Law was not a direct consequence of the appellant's guilty plea and that the lower court's failure to inform him of registration requirement did not render his plea unknowing or unintelligent); *Nollette v. State*, 118 Nev. 341, 46 P.3d 87 (2002) (holding that sex offender registration under state Megan's Law is a collateral consequence of a guilty plea because it is not punitive and does not have an immediate and direct effect on the defendant's range of punishment, and that lower court's failure to advise defendant of registration requirement prior to accepting guilty plea does not render plea constitutionally infirm).

¶ 16 In view of our conclusion that the registration requirement of Megan's Law II is a collateral consequence of Appellant's guilty plea, if Appellant had been unaware of the registration requirement at the time of his plea, such lack of awareness would not have rendered his plea unknowing or involuntary. In the instant case, Appellant incorrectly was advised that he would be subject to the registration requirements of Megan's Law for a period of ten years, as opposed to a lifetime period. However, in view of our holding that registration is a collateral consequence of which Appellant need not have been advised at all, and because Appellant does not dispute

that he was aware that he would be subject to *some* period of registration as a sexual offender under Megan's Law, we conclude that Appellant's misunderstanding as to the actual duration of the registration requirement is not a basis upon which Appellant should have been permitted to withdraw his plea. *Cf. Fleming*, 801 A.2d at 1240 (holding that "the mere fact that Megan's Law II sets forth a lifetime registration requirement for individuals convicted of committing certain offenses which were subject to a ten-year registration requirement under Megan's Law I does not effectuate such a change that the registration portion of the statute now has an objective purpose that is punitive.") Accordingly, we affirm Appellant's judgment of sentence.

¶ 17 Judgment of sentence AFFIRMED.