J-S48008-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee, | : | |
| | : | |
| v. | : | |
| | : | |
| JAVIER ROSARIO-BONES, | : | |
| | : | |
| Appellant | : | No. 228 MDA 2014 |

Appeal from the Judgment of Sentence January 15, 2013,
Court of Common Pleas, Lancaster County,
Criminal Division at No. CP-36-CR-0000320-2012

BEFORE:  DONOHUE, JENKINS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:　　　　　　**FILED AUGUST 04, 2014**

Javier Rosario-Bones ("Rosario-Bones") appeals from the judgment of sentence entered following his convictions of delivery of a controlled substance, 35 P.S. § 780-113(a)(30), and criminal use of a communications facility, 18 Pa.C.S.A. § 7512(a).  We affirm.

We summarize the relevant facts as follows.  On June 13, 2011, the Lancaster police apprehended Rosario-Bones after he sold four bags of heroin to a confidential informant.  On January 15, 2013, Rosario-Bones appeared for trial.  At the commencement of the proceeding, his court-appointed counsel told the trial court that Rosario-Bones wanted a new attorney.  N.T., 1/15/13, at 2.  After significant discussion, the trial court denied this request.  Rosario-Bones then pled guilty to the above-mentioned

*Retired Senior Judge assigned to the Superior Court.

crimes and was sentenced to an aggregate term of three to eight years of imprisonment. No post-sentence motions or direct appeal were filed.

On June 5, 2013, Rosario-Bones filed a *pro se* PCRA petition. Following a hearing, the PCRA court reinstated Rosario-Bones' direct appeal rights and granted his request to file post-sentence motions *nunc pro tunc*. Rosario-Bones subsequently filed a post-sentence motion, arguing that his guilty plea was involuntary. The trial court denied the post-sentence motion, and this timely appeal followed.

The first issue that Rosario-Bones presents on appeal is "whether the [trial] court erred when it summarily denied [his] request for new counsel?" Appellant's Brief at 4. When a defendant pleads guilty, he waives all grounds for appeal except for the jurisdiction of the court, the voluntariness of the plea, and the legality of the sentence. ***Commonwealth v. Barbaro***, __ A.3d. __, 2014 WL 2601509 at *1 n.1 (Pa. Super. June 11, 2014). As this issue does not implicate the jurisdiction of the court, the voluntariness of his plea, or the legality of his sentence, Rosario-Bones has waived it for purposes of appeal.

Even if this issue were not waived, we would conclude that it is without merit.

> Pennsylvania Rule of Criminal Procedure 122(C) provides '[a] motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons.' Pa.R.Crim.P 122(C). To satisfy this standard, a

defendant must demonstrate he has an irreconcilable difference with counsel that precludes counsel from representing him. ***Commonwealth v. Spotz***, [] 756 A.2d 1139, 1150 ([Pa.] 2000) (citing ***Commonwealth v. Tyler***, [] 360 A.2d 617, 619 ([Pa.] 1976)). The decision whether to appoint new counsel lies within the trial court's sound discretion. ***Id.*** (citing ***Commonwealth v. Segers***, [] 331 A.2d 462, 465 ([Pa.] 1975)).

***Commonwealth v. Wright***, 961 A.2d 119, 134 (Pa. 2008). Rosario-Bones argues that he put the trial court "on notice that there were serious issues between [trial counsel] and [Rosario-Bones]" when he told the trial court that trial counsel had called him "stupid." Appellant's Brief at 13. The record supports this claim, as it indicates that when making his request for new counsel, Rosario-Bones told the trial court that trial counsel called him stupid and that he believed that trial counsel was not "representing [him] well." N.T., 1/15/13, at 2, 7. The trial court denied Rosario-Bones' request. ***Id.*** at 7.

As stated above, a defendant must establish an "irreconcilable difference with counsel that precludes counsel from representing him." ***Wright***, 961 A.2d at 134. In ***Commonwealth v. Johnson***, 454 A.2d 1111 (Pa. Super. 1983), the defendant argued that the trial court erred in denying his request for a new attorney, where the defendant "[didn't] like the way [the attorney] was talking." ***Id.*** at 1115. More specifically, the defendant complained that the attorney used a curse word when speaking with him. ***Id.*** at 1116. This Court concluded that this complaint did not amount to an

irreconcilable difference such that the trial court should have granted the request for new counsel. **Id.** at 1116-17. Here, Rosario-Bones' complaint, that trial counsel called him stupid, is essentially identical to the defendant's complaint in **Johnson**, and therefore we conclude that it does not establish an irreconcilable difference entitling him to the appointment of new counsel.[1]

In his second issue on appeal, Rosario-Bones argues that his plea was coerced due to the "unjustified denial of his request for new counsel," and therefore involuntary, such that the trial court erred in denying his request to withdraw his plea. Appellant's Brief at 15.[2]

"Once a guilty plea has been entered and sentence imposed, the plea may be withdrawn only upon a showing of manifest injustice, which may be established if the plea was not voluntarily or knowingly entered." **Commonwealth v. Leidig**, 850 A.2d 743, 745 (Pa. Super. 2004), *aff'd,* 956 A.2d 399 (Pa. 2008). This Court addressed the precise argument that Rosario-Bones now raises in **Commonwealth v. Egan**, 469 A.2d 186 (Pa. Super. 1983) (*en banc*). In that case, the defendant first intended to plead

---

[1] Rosario-Bones does not mention on appeal his vague statement, made to the trial court, that trial counsel was not representing him well. As such, it is waived. **See Commonwealth v. Doyen,** 848 A.2d 1007, 1014 (Pa. Super. 2004) (noting that this Court will not review not properly developed in briefs).

[2] We note that in contravention of the Rules of Appellate Procedure, Rosario-Bones did not develop his argument with citation to any relevant case law or reference to the record. **See** Pa.R.A.P. 2119. We could find this issue waived on the basis of these briefing defects, Pa.R.A.P. 2101, but we decline to do so in this instance.

guilty, but changed his mind at the last minute and indicated that he wanted to go to trial. A few hours later, the defendant requested a continuance to obtain new counsel. The trial court denied that request, and the defendant subsequently pled guilty to robbery. On appeal, he argued that the trial court's denial of his request for a continuance to obtain new counsel "put him in the position of either proceeding to trial with counsel in which he did not have confidence or pleading guilty. This created, he says, a form of coercion which rendered his guilty plea involuntary." *Id.* at 189. After noting that "in the abstract, this argument is a convincing one[,]" we considered whether such a claim could ever afford a defendant relief:

> Notwithstanding the fact that an indigent defendant does not have a right to counsel of his choice, ***Commonwealth v. Simpson***, [] 294 A.2d 805 ([Pa. Super.] 1972), it is certainly conceivable that a defendant could be placed in a situation in which a lack of confidence in his court-appointed counsel could result in an unwillingness to go to trial. This could, in turn, result in the entry of an involuntary guilty plea. The questions before us are what the parameters are in which we will recognize that this has occurred and whether they are present here.
>
> A recent United States Supreme Court decision, ***Morris v. Slappy***, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983), is most helpful in setting these boundaries. In the opinion of the Court, the Chief Justice wrote:
>
> > The Court of Appeals' conclusion that the Sixth Amendment right to counsel 'would be without substance if it did not include the right to a meaningful attorney-client relationship,' [***Slappy v. Morris*** ] 649 F.2d [718] at 720 [

- 5 -

(9th Cir.1981) ] (emphasis added), is without basis in the law. No authority was cited for this novel ingredient of the Sixth Amendment guarantee of counsel, and of course none could be. No court could possibly guarantee that a defendant will develop the kind of rapport with his attorney—privately retained or provided by the public—that the Court of Appeals thought part of the Sixth Amendment guarantee of counsel. Accordingly, we reject the claim that the Sixth Amendment guarantees a 'meaningful relationship' between an accused and his counsel.

*Morris v. Slappy, supra*, 461 U.S. at [12], 103 S.Ct. at 1617.

The lesson to be gained from this holding is simple. Appellant's mere dissatisfaction with counsel does not work a violation of his Sixth Amendment right to counsel. Without more, such dissatisfaction could not create a situation which we would recognize as coercing a guilty plea.

This is in accord with the law regarding continuances. The decision whether to grant a continuance is within the discretion of the court below. *Commonwealth v. Kittrell*, [] 427 A.2d 1380 ([Pa. Super.] 1981). An appellate court cannot disturb a continuance decision absent an abuse of that discretion. The United States Supreme Court also addressed this area in *Morris*.

Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary "insistence upon expeditiousness

- 6 -

in the face of a justifiable request for delay" violates the right to the assistance of counsel. ***Ungar v. Sarafite***, 376 U.S. 575, 589 [84 S.Ct. 841, 849, 11 L.Ed.2d 921] (1964).

***Morris, supra***, 461 U.S. at [12], 103 S.Ct. at 1616.

Only if there was a 'justifiable request for delay,' which was not granted, could appellant's right to counsel have been violated and the guilty plea have been coerced.

What would make such a request justifiable? All such requests cannot be per se justifiable. That would enable a criminal defendant to indefinitely delay his going to trial. He would simply have to announce to the court at every trial date that he was dissatisfied with his counsel and wanted a continuance to obtain new counsel. Nor, as noted above, can all such requests be considered per se unjustifiable. A standard is necessary to separate the justifiable from the unjustifiable request for a continuance due to dissatisfaction with counsel.

In determining the applicable standard, we have looked to the test applied in a similar context: whether a confession can be suppressed because it was given in a custodial interrogation setting without constitutional safeguards, rooted in voluntariness, having been met. The situation before us has many parallel features: whether a guilty plea can be withdrawn because it was given in a situation without constitutional safeguards, rooted in voluntariness, having been met.

The standard to be applied to the former situation in this Commonwealth was announced in ***Commonwealth v. Marabel***, [] 283 A.2d 285 ([Pa.] 1971) (Eagen, J.).

It is our view that the proper test was applied in ***Myers v. State***, 3 Md.App. 534, 240 A.2d 288 (1968), wherein the court stated:

- 7 -

> \* \* \* [C]ustody occurs if a suspect is led to believe, as a reasonable person, that he is being deprived or restricted of his freedom of action or movement under pressures of official authority. \* \* \* whether the suspect is physically deprived of his freedom of action in any significant way or is placed in a situation in which he reasonably believes that his freedom of action of movement is restricted by such interrogation." *Id.* at 537, 240 A.2d at 290.
>
> The above test has the element of objectiveness since we look at what the suspect could believe as a reasonable man, and by focusing on the suspect, compliance with the thrust of the Miranda decision is achieved.
>
> ***Commonwealth v. Marabel, supra,*** [] 283 A.2d at 288.
>
> ***
>
> The standard announced in ***Marabel*** is transferable to the situation before us: whether a guilty plea can be withdrawn on the grounds that the guilty plea was coerced through the denial of a continuance, forcing appellant to plead guilty rather than go to trial with counsel in whom he had no confidence.

*Id.* at 189-91. We ultimately concluded that the "standard is that the criminal defendant must have a reasonable belief that his counsel will not adequately represent him. *Id.* at 191. We further clarified "[a]t the risk of explaining the obvious … that  this requirement consists of two parts. First, that the criminal defendant must actually have such a belief.  Second, that this belief is reasonable. The facts of this case satisfy neither element." *Id.*

Rosario-Bones does not point to any evidence that would support a finding that trial counsel could not have adequately represented him, and our review of the record reveals none. He has filed to meet the ***Egan*** standard, and so we must conclude that he has not established a manifest injustice such that would require the withdrawal of his guilty plea. ***Leidig***, 850 A.2d at 745.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2014