J-S68003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAWRENCE WHITAKER, | |
| Appellant | No. 1030 EDA 2013 |

Appeal from the PCRA Order entered March 28, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0012235-2009
& CP-51-CR-0012236-2009

BEFORE:  ALLEN, JENKINS, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.:              **FILED NOVEMBER 07, 2014**

Lawrence Whitaker ("Appellant") appeals from the order denying his petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. sections 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> This case stems from a pedestrian stop of [Appellant] by police officers, which resulted in a violent struggle on September 1, 2009.  At a preliminary hearing on September 24, 2009, [Appellant] was charged with (2) two counts of aggravated assault, (2) counts of simple assault, and resisting arrest.
>
> On October 15, 2010, [Appellant] consulted with [trial counsel], and proceeded to read and sign a written colloquy.  After reading and signing the colloquy, [Appellant] entered a plea of *nolo contendere* in open court.  The colloquy explained in detail the charges alleged against [Appellant], the maximum possible sentence, and

[Appellant's] constitutionally protected rights at trial. The Court also described to [Appellant], at length, the differences between his options to either (i) proceed with trial, or (ii) enter a *nolo contendere* plea. The written colloquy required [Appellant] to sign in confirmation that he was not threatened or promised anything in return for his plea of *nolo contendere*[.]

The Court explained that, by entering a *nolo contendere* plea, [Appellant] was relinquishing certain pretrial rights, and that the information contained in the police reports would formally be made part of the record. The Court then asked [Appellant] whether he was satisfied with the information and advice he had received from [trial counsel], to which [Appellant] replied, "Yes." The Court also asked [Appellant] whether he had any questions for the Court regarding his plea, to which he replied, "Yes." After conferring with [trial counsel, Appellant] was asked again whether he had any questions for the Court, to which he replied, "No." Lastly, the Court asked [Appellant] whether he understood what it meant to plead no contest, to which he replied, "Yes."

After an extensive recitation of the colloquy, the Court determined that [Appellant] entered his plea of *nolo contendere* knowingly, intelligently, and voluntarily. The Court asked [Appellant] whether he intended to contest the facts contained in the police report[s], to which he replied "No." In accordance with the *nolo contendere* plea, the Court Crier subsequently arraigned [Appellant] on (2) two charges of simple assault[.]

PCRA Court Opinion, 4/2/14, at 1-3 (citations to notes of testimony omitted). The trial court then sentenced Appellant to an aggregate term of three years of reporting probation, and a mandatory anger management course. Appellant filed neither post-sentence motions nor a direct appeal.

On October 14, 2011, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel subsequently filed an

amended petition. On February 14, 2013, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant did not file a response. By order entered March 28, 2013, the PCRA court denied Appellant's petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant's sole claim on appeal is that the PCRA court erred in denying his petition without a hearing. *See* Appellant's Brief at 2. In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." *Id.* Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). Finally, to be entitled to relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more of the errors enumerated in section 9543(a)(2) of the PCRA. One such error involves the ineffectiveness of counsel.

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Id.* "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

Appellant claims that trial counsel unlawfully induced him into entering his no contest pleas. According to Appellant, he did not enter his *nolo contendere* plea voluntarily, but did so because trial counsel "refused to call witnesses who would have shown that [Appellant] was innocent of the offenses and [trial] counsel also refused to show a video of the incident which was taken by [Appellant] which also shows that he in fact was the

- 4 -

victim of an assault perpetrated by the two police officers." Appellant's Brief at 5. Additionally, Appellant asserts that he produced evidence following the entry of his plea that showed one of the police officers involved in the incident was no longer being used as a witness in criminal cases prosecuted by the Commonwealth. *Id.* According to Appellant, he has "alleged and demonstrated that [trial counsel] abandoned him and he, [Appellant], had no option but to plead no contest." *Id.* Appellant therefore argues that, because his PCRA petition raised an issue of material fact, this case should be remanded for an evidentiary hearing. We disagree.

When asserting a claim of ineffectiveness of counsel in the context of a guilty plea[1], a defendant must show that plea counsel's ineffectiveness induced him to enter the plea. *Commonwealth v. Johnson*, 875 A.2d 328, 331 (Pa. Super. 2005). This Court stated:

> Because a plea of guilty effectively waives all non-jurisdictional defects and defenses, after sentencing, allegations of ineffectiveness of counsel in this context provide a basis for withdrawal of the plea only where there is a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea. The guilty plea hearing becomes **the** significant procedure under scrutiny. The focus of the inquiry is whether the accused was misled or misinformed and acted under that misguided influence when entering the guilty plea.

_____

[1] Appellant's *nolo contendere* plea is treated the same as a guilty plea. *Commonwealth v. Leidig*, 850 A.2d 743, 745 (Pa. Super. 2004).

*Commonwealth v. Flood*, 627 A.2d 1193, 1199 (Pa. Super. 1993)

(citations omitted).

Further, this Court summarized:

Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

\* \* \*

The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

\* \* \*

[A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2003)

(citations omitted).

The PCRA court found no merit to Appellant's claim, and explained as follows:

In the instant case, the Court found that [Appellant] failed to show that there was [a] genuine issue concerning any material fact. Although [Appellant's] PCRA petition alleges that [trial counsel] "refused to call certain witnesses" and "failed to show a video of the incident," the petition does not [allege] any facts indicating how

[Appellant] was induced to enter his plea. At trial, the Court thoroughly assessed [Appellant's] competence, and specifically asked [Appellant] whether he was satisfied with the information and advice he had received from [trial counsel]. The Court determined [Appellant] to be competent, and [Appellant] indicated that he, in fact, was satisfied with the information and advice he had received from [trial counsel]. Based on [Appellant's] responses to the extensive colloquy, the Court determined that [Appellant] entered his plea of *nolo contendere* knowingly, intelligently, and voluntarily.

[Appellant's] PCRA petition fails to show that [Appellant] entered his plea unknowingly, unintelligently, or by inducement. [Appellant's] claim the he was induced by [trial counsel] to enter the plea of *nolo contendere* is not supported by any allegations in the PCRA petition that would rise to the level of ineffective assistance of counsel. [Appellant] merely claims that two eyewitnesses to the incident were not called to testify, and that a video was not shown to the Court.

After thoroughly reviewing the record and [Appellant's PCRA] petition, the Court found that [Appellant] neither established any genuine issue of material fact nor an entitlement to post-conviction collateral relief.

PCRA Court Opinion, 4/2/14, at 6-7 (footnote and citations omitted).

Our review of the record supports the PCRA court's conclusions. Appellant's answers to the court's questions during the oral plea colloquy, as well as those provided in the written colloquy, contradict Appellant's claims in his PCRA petition. Thus, his ineffectiveness claim fails. **See Pollard**, **supra**. Additionally, given this conclusion, the PCRA court did not err in dismissing Appellant's PCRA petition without first holding an evidentiary hearing. **See Jordan**, **supra**.

With regard to Appellant's "after-discovered evidence claim" involving one of the police officers involved in the incident giving rise to Appellant's convictions, our review of the record supports the PCRA court's conclusion that Appellant failed to raise this claim in his amended petition. **See** PCRA Court Opinion, 4/2/14, at 6. Thus, Appellant's claim is not properly before us. **See Commonwealth v. Elliott**, 80 A.3d 415, 430 (Pa. 2013) (concluding ineffectiveness claim was waived when the PCRA petitioner failed to raise it in his PCRA petition and did not obtain permission to amend his petition).

Based on the foregoing, we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2014

- 8 -