J-S42005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LATOYA JACKSON | : | |
| | : | |
| Appellant | : | No. 231 EDA 2020 |

Appeal from the Judgment of Sentence November 26, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003297-2017

BEFORE:  PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:                 **FILED OCTOBER 09, 2020**

Latoya Jackson appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas on November 26, 2019, following a remand from this Court for re-imposition of sex offender reporting requirements. Jackson challenges the discretionary aspects of her sentence. As we find the remand preceding this appeal was limited in nature, we find the term of incarceration Jackson now seeks to challenge was not in front of the trial court. We therefore affirm.

On January 19, 2019, after a non-jury trial, Jackson was found guilty of rape of child, indecent exposure, indecent assault of a person less than 13, incest, and unlawful contact with a minor for offenses involving her younger siblings. Jackson was sentenced to two to four years' imprisonment and

lifetime registration under the Sex Offender Registration and Notification Act ("SORNA").

Following a direct appeal, this Court found the reporting requirement constituted a violation of the *ex post facto* clauses of the United States and Pennsylvania Constitutions pursuant to **Commonwealth v. Lippincott**, 208 A.3d 143 (Pa. Super. 2019). After acknowledging the trial court did not have the benefit of **Lippincott**, we remanded to the trial court "to determine the appropriate registration and reporting requirements for Jackson". **Commonwealth v. Jackson**, 954 EDA 2018, at *4 (Pa. Super. filed May 10, 2019) (unpublished memorandum). While we vacated the order designating Jackson a Tier III sex offender pursuant to SORNA and remanded for further proceedings, we specifically affirmed the judgment of sentence. **See id**. at *5.

On November 26, 2019, after a hearing was held on the matter, a new sentencing order was issued for the same period of incarceration without the SORNA lifetime registration requirement. Jackson filed a motion for reconsideration of sentence, which the trial court denied. This timely appeal followed.

In her sole issue on appeal, Jackson claims her sentence of incarceration was imposed utilizing an incorrect sentencing guideline calculation. **See** Appellant's Brief, at 7. We are constrained to find her claim is beyond the scope of the limited remand ordered in this case.

In Jackson's initial appeal, we noted that our Supreme Court held in **Commonwealth v. Muniz** that retroactive application of the registration and reporting requirements of SORNA is punitive and as such violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. **Jackson**, 954 EDA 2018, at *3 (citing to **Lippincott**). As such, the sole basis for the remand was for the court "to determine the appropriate registration and reporting requirements for Jackson". **Id.** at *4. The judgment of sentence was otherwise affirmed. **See id.** at *5.

SORNA registration requirements are not sentences in and of themselves. In **Commonwealth v. Strafford**, 194 A.3d 168 (Pa. Super. 2019), an appellant challenged his lifetime registration requirement, contending it exceeded the lawful statutory maximum sentences applicable to his convictions. In rejecting this claim, this Court explained:

> SORNA's registration provisions are not constrained by [18 Pa.C.S.A. Section 1103]. Rather, SORNA's registration requirements are an authorized punitive measure **separate and apart from Appellant's term of incarceration**. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.

**Id**. at 173 (emphasis added). Thus, the **Strafford** Court held that the legislature's direction of registration under SORNA was separate and distinct from any term of incarceration. **Id**. As the **Strafford** Court recognized, sex offender registration requirements are properly characterized as collateral

consequences of a conviction. *See Commonwealth v. Leidig*, 850 A.2d 743, 747 (Pa. Super. 2004) (finding Megan's Law I registration requirements were collateral, not direct, consequences of conviction); *Commonwealth v. McDonough*, 96 A.3d 1067, 1071 (Pa. Super. 2014) (concluding that registration requirements under SORNA I were collateral consequences of conviction). While the Supreme Court of Pennsylvania has declared SORNA I's provisions punitive in nature, it did not alter this fundamental truth. Even though sex offender registration is imposed at the time of sentencing, it is not automatically part of the defendant's sentence.

Section 9721(a) of the Sentencing Code lists the sentencing options available to a judge. *See* 42 Pa.C.S. § 9721(a). That section does not include any authorization to impose SORNA requirements. Importantly, SORNA itself does not give the trial court any authority to impose SORNA as part of the sentence; the judge merely informs the offender that he has to register under SORNA. 42 Pa.C.S. § 9799.20. Indeed, a court's failure to do so does not negate the sex offender's duty to comply. *See* 42 Pa.C.S.§ 9799.23(b)(1) ("Failure by the court to provide the information ... to correctly inform ... or to require a sexual offender to register shall not relieve the sexual offender from the requirements of this subchapter."). Significantly, offenders convicted of the enumerated crimes are required to register because SORNA's provisions are mandatory.

Since our prior memorandum remanded solely for re-imposition of sex offender registration requirements, while explicitly affirming the judgment of sentence, we conclude, like the sentencing court, that the sentencing court was not empowered to modify any other consequence other than the reporting requirements. Where an appellant has already had the benefit of an appeal, which resulted in a remand for resentencing, he is barred from raising any issue other than a challenge to the sentence imposed on remand. **Commonwealth v. Williams**, 151 A.3d 621, 625 (Pa. Super. 2016) (citation omitted). Here, the term of incarceration was not modified or changed, as it was not before the lower court nor part of the limited remand by this Court.

Further, as Jackson concedes, her claim is a challenge to the discretionary aspects of her sentence. **See** Appellant's Brief, at 7. She does not contend that her sentence is illegal.

As Jackson does not raise any challenge to the propriety of her registration and reporting requirements, which constituted the sole focus of the November 26, 2019 order, we conclude she is due no relief on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/20

- 5 -