J-S09035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM SCOTT BEATTY, JR. | |
| Appellant | No. 1256 MDA 2015 |

Appeal from the PCRA Order June 23, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000842-2010

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED FEBRUARY 05, 2016**

William Scott Beatty, Jr. ("Appellant") appeals from the order entered in the Lebanon County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the relevant facts and procedural history of this appeal as follows:

> On May 26, 2010, [Appellant] was charged at this action number[2] with 96 counts which included corrupt organizations,[3] dealing in proceeds of unlawful

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] CP-38-CR-0000842-2010 ("the 2010 docket").

[3] 18 Pa.C.S. § 911(b)(3).

activities,[4] robbery,[5] simple assault,[6] possession of instrument of crime [("PIC")],[7] conspiracy,[8] burglary[9] and theft[10] for numerous incidents which occurred between 2007 and August, 2009. On April 4, 2011, an amended information was filed which reduced the charges to 87 counts. On June 23, 2010, the Commonwealth filed a motion to consolidate this action with another action, [CP-38-CR-00001745-2009 ("the 2009 docket")], which was already pending against [Appellant] at the time. [The 2009 docket] involved burglary, conspiracy, and [PIC] charges with regard to a residential burglary which occurred on September 9, 2009. [Appellant's] co-conspirators were the same in both actions. Brian Deiderick, Esquire ("Defense Counsel") was appointed to represent [Appellant] in both matters. Defense Counsel took no action to oppose the consolidation of [Appellant's] two cases.

On November 1, 2010, [Appellant] pled guilty to the charges in [the 2009 docket]. A jury trial was commenced for the charges in this action on April 5, 2011. On the first day of trial, after proceedings had already commenced, [Appellant] decided to plead *nolo contendere* to all 87 counts. His plea was entered on that date. On May 18, 2011, [Appellant] appeared for sentencing and made an oral request to withdraw his guilty plea. The court denied

---

[4] 18 Pa.C.S. § 5111(a)(1).

[5] 18 Pa.C.S. § 3701(a)(1).

[6] 18 Pa.C.S. § 2701(a)(3).

[7] 18 Pa.C.S. § 907(a).

[8] 18 Pa.C.S. § 903.

[9] 18 Pa.C.S. § 3502(a).

[10] 18 Pa.C.S. § 3921(a).

> his request and imposed an aggregate sentence of over forty years.

PCRA Court Pa.R.A.P. 1925(a) Opinion, filed June 24, 2015, at 3-4 ("PCRA Court Opinion") (some capitalization omitted).

On May 26, 2011, Appellant filed a *pro se* PCRA petition. That same day, the court dismissed Appellant's PCRA petition because his judgment of sentence was not yet final. The court appointed counsel and conducted a hearing on January 31, 2012 with respect to the 2009 docket.[11] On February 4, 2012, Appellant filed a *pro se* PCRA petition regarding the 2010 docket. On April 8, 2013, the PCRA court dismissed both petitions, however, the PCRA court's opinion only addressed issues raised with respect to the 2009 docket. Appellant appealed to this Court. On February 4, 2014, this Court affirmed the order denying relief for the 2009 docket, but vacated and remanded the order denying relief on the 2010 docket.

On July 29, 2014, the PCRA court conducted a hearing on Appellant's PCRA petition regarding the 2010 docket that is presently before us. On June 23, 2015, the PCRA court denied Appellant's petition. On July 20, 2015, Appellant filed a timely notice of appeal. The next day, the PCRA court ordered appellant to file a concise statement of errors complained on of appeal, and he timely complied on August 5, 2015.

_____

[11] Because we do not have the record for the 2009 docket, it is unclear whether Appellant filed an additional PCRA petition with respect to the 2009 docket or if the PCRA court ruled on his previously dismissed petition.

Appellant raises the following issues for our review:

[1.] WAS TRIAL COUNSEL INEFFECTIVE FOR FAILING TO COMMUNICATE ADEQUATELY WITH APPELLANT, TO INFORM HIM OF THE FACTS AND EVIDENCE THAT WOULD BE PRESENTED AGAINST HIM AT TRIAL, AND TO WORK WITH APPELLANT IN DEVELOPING AN ADEQUATE DEFENSE OR A KNOWING AND INFORMED BASIS FOR A PLEA?

[2.] WAS TRIAL COUNSEL INEFFECTIVE FOR OBTAINING TRIAL CONTINUANCES AGAINST APPELLANT'S EXPRESS INSTRUCTIONS THAT HE NOT CONTINUE TRIAL?

[3.] WAS TRIAL COUNSEL [] INEFFECTIVE FOR FAILING TO PERFORM AN ADEQUATE INVESTIGATION[, WHERE,] HAD HE DONE SO, APPELLANT WOULD HAVE BEEN ABLE TO PRESENT ARGUABLY MERITORIOUS MOTIONS TO SUPPRESS EVIDENCE AND SEVER, AS WELL AS MOTIONS IN LIMINE BEFORE TRIAL, THUS RESULTING IN AN UNKNOWING, INVOLUNTARY, AND UNINFORMED DECISION TO ENTER A NOLO CONTENDERE PLEA[?]

Appellant's Brief at 4.

In his combined issues, Appellant argues his trial counsel was ineffective and he is entitled to a new trial. We disagree.

Our standard of review regarding PCRA relief is well-settled. "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa.2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa.2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the

record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa.2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa.Super.2014) (citation omitted).

This Court follows the ***Pierce***[12] test adopted by our Supreme Court to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

***Commonwealth v. duPont***, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). "If an appellant fails to prove by a preponderance of the evidence any of the ***Pierce*** prongs, the Court need not address the remaining prongs of the test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

---

[12] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa.1987).

In his first and third issues, Appellant contends his trial counsel was ineffective for failing to adequately investigate his case or communicate with him, for failing to develop a better defense, and for failing to suppress evidence, which caused him to enter into an unknowing, involuntary *nolo contendere* plea. These claims merit no relief.

"An appellant's claim for ineffective assistance of counsel in connection with advice rendered regarding whether to plead guilty[13] is cognizable under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(2)(ii)." ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa.Super.2014), *appeal denied*, 95 A.3d 277 (Pa.2014). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa.Super.2002) (citing ***Commonwealth v. Allen***, 732 A.2d 582 (Pa.1999)). Whether a plea was voluntary "depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Commonwealth v. Lynch***, 820 A.2d 728, 733 (Pa.Super.2003), *appeal denied*, 835 A.2d 709 (Pa.2003) (quoting ***Hickman***, 799 A.2d at 141).

---

[13] "It is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case." ***Commonwealth v. V.G.***, 9 A.3d 222, 226 (Pa.Super.2010) (citing ***Commonwealth v. Leidig***, 850 A.2d 743, 745 (Pa.Super.2004)).

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Lippert*, 85 A.3d at 1100 (quoting *Commonwealth v. Barndt,* 74 A.3d 185, 191–92 (Pa.Super.2013)).

The PCRA court reasoned:

Defense Counsel provided [Appellant] with a great deal of discovery materials prior to trial and met with him on numerous occasions in order to go over that material and to develop a trial strategy. [Appellant] complains that he was not provided with phone records, the video and color copies of the photographs provided in discovery. Defense Counsel explained that he did not provide the phone records to [Appellant] as both of them had determined that the item was too voluminous and was not relevant to the charges in this action, Defense Counsel had no way to show the video to [Appellant] while he was incarcerated and made the decision not to spend the funds necessary to obtain color prints due to the trial strategy to which the two subsequently agreed. [Appellant] provides no explanation of his assertion that he would not have pled *nolo contendere* had he received these materials.

Defense Counsel thoroughly explained the legal concepts regarding [Appellant's] charges and reviewed the jury instructions for all of the offenses, thereby apprising [Appellant] of all of the elements and of the proof required of the Commonwealth at trial. This review also opened up a dialogue between [Defense] Counsel and [Appellant] as to whether they would challenge specific elements or the charge as a whole at trial. Defense Counsel met with [Appellant] on numerous occasions to discuss these matters. [Appellant] charges that Defense Counsel misrepresented the case to him. However, [Appellant's] own version of the information provided by Defense Counsel indicates that he was merely explaining the law to

- 7 -

[Appellant] as it could be applied to the facts of this case. It appears that [Appellant] simply did not like or agree with the status of the law on these matters.

Defense Counsel reviewed voluminous discovery materials which had resulted from an extensive investigation by law enforcement. He arranged to have the motion filed to obtain the grand jury testimony, but decided that it would not be useful at trial because the witness involved would not be called to testify at trial by the Commonwealth. After reviewing all of the aspects of the case, Defense Counsel determined that there were no valid bases upon which to file pretrial motions or motions *in limine*. He noted that he would request offers of proof as to certain Commonwealth witnesses at trial. [Appellant] was not prejudiced in any manner by Defense Counsel's failure to oppose severance; [Appellant] was tried individually at the trial of this matter.

\*    \*    \*

Based on these facts, we find that [Appellant] was provided with fully effective legal representation in this matter and that his plea of *nolo contendere* was entered knowingly, voluntarily and intelligently.

PCRA Court Opinion, at 15-18.

The PCRA court's determination is supported by the record and free of legal error. Appellant failed to show a reasonable probability that, but for counsel's errors, he would not have pleaded *nolo contendere*. **See Lippert, supra.** Thus, Appellant's first and third issues merit no relief.[14]

_____

[14] Although Appellant asserted his innocence to some of the charges against him at the PCRA hearing on July 29, 2014, he failed to preserve his innocence claim in his Pa.R.A.P. 1925(b) statement. Moreover, **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1285 (Pa.2015) provides "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant [a] request [to withdraw a guilty plea before

*(Footnote Continued Next Page)*

In Appellant's remaining issue, he argues his trial counsel was ineffective for continuing Appellant's trial against Appellant's express wishes. Although Appellant claims he did not approve of the continuances, he fails to allege the continuances prejudiced his case in any way. Thus, this ineffective assistance of counsel claim fails. ***See Fitzgerald, supra.***

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2016

_(Footnote Continued)_ ———————————

sentencing]" and also provides guidelines for what a defendant must demonstrate in order to withdraw his guilty plea:

> [W]e are persuaded by the approach of other jurisdictions which require that a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. ...[T]he proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

***Id.*** at 1885, 1292. In this case, although Appellant indicated he was not guilty of some of the charges, he pled *nolo contendere* to 87 counts after a full colloquy and failed to make a colorable demonstration that withdrawal of his plea would promote fairness and justice. ***See id.***