J-S41024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                       :         PENNSYLVANIA
                       :
          v.                :
                       :
                       :
MAURICE D. HARPER           :
                       :
        Appellant       :   No. 1869 EDA 2017

Appeal from the PCRA Order May 31, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007104-2012

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:        **FILED AUGUST 28, 2018**

Appellant, Maurice D. Harper, appeals from the order entered on May 31, 2017, dismissing his petition for relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We vacate and remand.

On July 23, 2015, Appellant pleaded *nolo contendere* to aggravated assault, as a felony of the second degree.[1]  In exchange for the plea, the Commonwealth agreed to recommend a sentence of two and one-half to five years in prison, with the sentence to be served "concurrent with existing sentence," and with Appellant receiving credit for time served.  **See** Appellant's Written Plea Form, 7/23/15, at 1; **see also** N.T. Plea Hearing, 7/23/15, at 6 and 20.

---

[1] 18 Pa.C.S.A. § 2702(a).

---

\*   Former Justice specially assigned to the Superior Court.

The trial court accepted Appellant's plea and then sentenced him in accordance with the Commonwealth's recommendation. Specifically, the trial court sentenced him as follows:

> I will give you the sentence of [two and one-half] to five [years] to run concurrent with any sentence you're currently serving. You have credit for time served. The court will recommend release at the minimum provided [Appellant] has complied with, you know, all the rules of the Department of Correction[s] in terms of, you know, good behavior while in prison.

N.T. Plea Hearing, 7/23/15, at 22 (some internal capitalization omitted).

Appellant did not file a direct appeal from his judgment of sentence.

On October 10, 2015, Appellant filed the current, timely PCRA petition. Within the petition, Appellant claimed that he was entitled to post-conviction collateral relief because: his trial counsel was ineffective for erroneously inducing his plea and his "plea of *nolo contendere* was unlawfully induced where the circumstances make it likely that the inducement caused [Appellant] to plea[d] *nolo contendere* and he is innocent." Appellant's *Pro Se* PCRA Petition, 10/10/15, at 1 and 11. Specifically, Appellant claimed, during the plea hearing, his counsel was ineffective and the trial court judge unlawfully induced his plea when they assured Appellant that "he [has] over [three] years [of] time served already" on his aggravated assault charge – and, that if he pleaded *nolo contendere* to aggravated assault, the three years of time-served "would place him over his minimum [sentencing term] date." *Id.* at 11. As Appellant claimed, he is innocent of the aggravated assault,

but pleaded *nolo contendere* to the charge because of the trial court's (and his counsel's) assurances that his credit for time-served placed him over his minimum sentencing term. ***See id.*** at 2-6 and 11. Appellant claimed that he did not receive the benefit of his plea bargain and, "[o]n September 1, 2015[, Appellant] was informed by the Department of Correction[s] that he was not credited [with the amount of] time served as agreed [upon] by all parties." ***Id.*** at 11.

Appellant then filed a *pro se* amended PCRA petition, where he more clearly explained that he was innocent of the charges against him. ***See*** Appellant's *Pro Se* Petition for Jail Credit for Time Served, 11/3/15, at 1. In particular, Appellant claimed, the complainant in this case actually assaulted him, and Appellant only "confronted his attacker in self-defense." ***See id.***

The PCRA court appointed counsel to represent Appellant and counsel filed an amended petition on Appellant's behalf. Amended PCRA Petition, 7/7/16, at 1-8. The amended petition again declared that Appellant's trial counsel was ineffective for falsely "assur[ing Appellant that] he would get the time credit in question" and that Appellant was entitled to relief because his guilty plea was unlawfully induced.[2] ***Id.*** at 7.

---

[2] Appellant attached a document to his amended petition titled "Credit Time Review for State Inmates." It declares the Director of the Philadelphia County Prison calculated that Appellant was entitled to approximately 60 days of credit for time served on his aggravated assault sentence. Credit Time Review for State Inmates, dated 9/28/15, attached as Exhibit "A" to Appellant's Amended PCRA Petition, at 1. Further, as the Commonwealth explains in its

On March 6, 2017, the PCRA court notified Appellant that it intended to dismiss his petition in 20 days, without holding a hearing. PCRA Court Notice, 3/6/17, at 1; **see also** Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's petition on May 31, 2017 and Appellant filed a timely notice of appeal. PCRA Court Order, 5/31/17, at 1.

Appellant numbers two claims on appeal:

[1.] Whether the [PCRA] court erred in denying Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness[?]

[2.] Whether the [PCRA] court erred in not granting relief on the PCRA petition alleging trial counsel was ineffective[?]

Appellant's Brief at 8 (some internal capitalization omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence

_____

brief, the remainder of Appellant's time-served was credited towards a separate sentence for possession with the intent to deliver ("PWID"). As the Commonwealth explains:

[Appellant] was sentenced for the PWID case about three months before his plea and sentence in this case. He received credit for time served on the PWID case reaching back to December 7, 2012. Because that time was credited to his PWID sentence, [Appellant] cannot also get credit for it on his aggravated assault sentence.

Commonwealth's Brief at 12 n.2.

resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). The two at issue here are:

> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

42 Pa.C.S.A. § 9543(a)(2)(ii) and (iii).[3]

As to Appellant's ineffective assistance of counsel claim, we note that counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

---

[3] Although Appellant pleaded *nolo contendere* to the aggravated assault charge, we note "[i]t is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case." **Commonwealth v. V.G.**, 9 A.3d 222, 226 (Pa. Super. 2010); **see also Commonwealth v. Leidig**, 850 A.2d 743, 745 (Pa. Super. 2004) ("in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea").

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

We also note that "[a] criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). Yet, where the ineffectiveness of counsel is claimed in connection with the entry of a plea, a petitioner may only obtain relief where "counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating [the] entry of an unknowing, involuntary, or unintelligent plea." *Commonwealth v. Moser*, 921 A.2d 526, 530 n.3 (Pa. Super. 2007) (*en banc*) (internal citations and quotations omitted). As we have explained:

> once a defendant has entered a plea of guilty [or *nolo contendere*], it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a [] plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.

*Commonwealth v. Stork*, 737 A.2d 789, 791 (Pa. Super. 1999) (internal quotations, citations, and corrections omitted), *quoting Commonwealth v. Myers*, 642 A.2d 1103, 1105 (Pa. Super. 1994). To prove prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty [or *nolo contendere*] and

would have insisted on going to trial." ***Hill v. Lockhart***, 474 U.S. 52, 59 (1985).

As to the entry of a plea, our Supreme Court has held:

In order for a guilty [or *nolo contendere*] plea to be constitutionally valid, the [] plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the [] plea colloquy, a plea of guilty [or *nolo contendere*] will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

***Commonwealth v. Eichinger***, 108 A.3d 821, 832 (Pa. 2014) (internal quotations and citations omitted).

Finally, a PCRA petitioner is not automatically entitled to an evidentiary hearing on his petition. A PCRA petition may be dismissed without a hearing if the PCRA court "is satisfied from [its review of the petition] that there are no genuine issues concerning any material fact and that the [petitioner] is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." Pa.R.Crim.P. 907(1). However, when the PCRA petition raises material issues of fact, the PCRA court "shall order a hearing." Pa.R.Crim.P. 908(A)(2). Thus, "[t]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a

hearing." ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011) (internal quotations and citations omitted).

According to Appellant, he is entitled to relief – or, at least an evidentiary hearing – on his unlawful inducement and ineffective assistance of counsel claims. As to the former claim, Appellant contends that his plea was unlawfully induced by the trial court because the trial court essentially assured Appellant that, if Appellant pleaded *nolo contendere* to aggravated assault, Appellant would receive three years of credit for time-served. Appellant claims that, since he did not receive the promised credit and since he is innocent of the aggravated assault, he is entitled to relief under the PCRA. In the same vein, Appellant contends that his trial counsel was ineffective for advising him to take the plea when he was not entitled to the promised credit and for also "assur[ing] him he would get the time credit in question." ***See*** Appellant's Amended PCRA Petition, 7/7/16, at 1-7. Appellant writes:

> At many instances during the July 23, 2015 [] plea hearing[, Appellant] was assured that the *nolo contendere* plea he was entering [] would entitle him to immediate release on time served. Both his trial counsel [and the trial court judge] made [Appellant] believe that he had sufficient time served and that a recommendation from the [trial] court to release him at minimum time served (2.5 years) would allow him to put this whole ordeal behind him immediately. As the record shows, he relied on these promises, to his detriment, and subsequently entered into an unlawful plea.
>
> . . .
>
> Appellant continually asserted his innocence to both his trial counsel and the [trial] court. However, due to the inducing acts and coercive nature of both forces upon [Appellant], he

- 8 -

was unlawfully induced to plead guilty to a charge based upon facts to which he did not consent.

Appellant's Brief at 11 and 15-16 (some internal capitalization omitted).

We conclude that the PCRA court erred when it dismissed Appellant's PCRA petition without holding an evidentiary hearing because Appellant raised a genuine issue of material fact that "the ineffective assistance of counsel caused [Appellant] to enter an involuntary or unknowing plea" and that his plea was "unlawfully induced where the circumstances make it likely that the inducement caused [Appellant] to plead [*nolo contendere*] and [Appellant] is innocent." 42 Pa.C.S.A. § 9543(a)(2)(ii) and (iii).

On July 23, 2015, Appellant appeared before the trial court and the trial court explained to Appellant the Commonwealth's plea offer. The notes of testimony reflect the following (with special emphasis placed on the trial court's seeming assurances to Appellant that, if he pleaded *nolo contendere* to aggravated assault, he would receive years of credit on that sentence for time already served):

> [Trial Court]: So I said[, Commonwealth,] sweeten the deal, do something. Like, let's get rid of this. Right? Let's try to negotiate. What's your last final best offer? And [the Commonwealth] will withdraw prosecution on [a separately-filed robbery charge] if you take a deal on the [aggravated] assault. It's currently an F-1.
>
> [Commonwealth]: Yes.
>
> . . .
>
> [Trial Court]: Take that off the table. Lower it to a felony of the second degree where it's not a strike and it's not gonna impact your future in terms of, you know, being a third strike

if you get arrested again. That wouldn't be the case. I'm just saying. It would be a felony of the second degree. They would offer you two and a half to five. You could plead no contest and it would be concurrent with your current situation.

[Appellant]: And it's just, and the robbery charge is gone[?]

[Trial Court]: Gone, never to come back.

[Appellant]: All right. I agree.

[Trial Court]: All right. Go over the paperwork with your lawyer.

[Appellant]: All right.

[Trial Court]: And ask whatever questions you need to.

[Appellant]: What's the catch to it, though?

[Trial Court]: It sounds a little too good to be true, right?

[Appellant]: Yeah. It's always a catch.

[Trial Court]: You know what? . . . [T]hey don't want to take a chance at getting flat-out not guilty. They're willing to tweak it and bring it down. So I don't know that there's a catch. You know, it's two and a half to five. There's no probation, right?

[Commonwealth]: Right.

[Trial Court]: **Just flat two and a half to five running concurrent with your current sentence. What's your other sentence?**

[Appellant]: **Two to five.**

[Trial Court]: **Two to five. So, okay. So you may not get out right away but you might. You might have to do another six months to get to two and a half.**

[Appellant]: Question.

[Trial Court]: **You'll get credit. But you may have credit from prior to that other one, so**.

[Appellant]: **You looked at the circumstances of the charges?**

[Trial Court]: **Yeah**. Look, at the end of the day –

[Appellant]: I just want you to know the circumstances of it.

. . .

[Appellant]: Is there a catch?

[Commonwealth]: I mean, as far as F-2 aggravated assault, it's two and a half to five.

[Appellant]: Could this just be with time served so it won't interfere with?

[Trial Court]: The problem is if you do it that way it gets too convoluted and you can't do time served to five years because they don't know what your minimum is then.

[Appellant]: Yeah, see.

[Trial Court]: **So that's why I'm gonna make it concurrent, though. Do you know what I'm saying? Like, that's why I'm saying concurrent, credit for time served**. And that's why, [Appellant], -- listen to me -- when that public defender raised your bail he did you a favor, **because if he didn't raise your bail you wouldn't get any time credit and you would be doing two and a half to five starting today if you had made bail on that case**. Do you understand what I'm saying? **But because they raised your bail, they sort of took care of you because now you've got two and a half years in probably**. How long have you been in?

[Appellant]: **Almost three, over three years.**

[Trial Court]: **There you go. Now you got credit for all that time**, whereas if he didn't raise your bail you would not

be getting credit and this wouldn't be a conversation we'd be having. **Now it's like it's over. It's literally going to be over.** I don't know. It's an F-2. It's, you know, not that serious.

[Appellant]: **I just want to go home. I want to get this behind me. I just want to go home as long as there's no catches.**

[Trial Court]: **I don't see a catch. The only catch I could think of is somehow it has some effect on your parole date.**

N.T. Plea Hearing, 7/23/15, at 5-11 (emphasis added).

A fair reading of the above reveals that the trial court judge told Appellant that she "looked at the circumstances of the charges" and assured Appellant that he was entitled to approximately three years of credit for time served on any aggravated assault sentence. The judge then told Appellant that, since the plea deal called for a two and one-half to five-year term on the aggravated assault charge (with a recommendation that Appellant only serve the minimum term), the three years of credit for time-served meant that, if Appellant agreed to the deal, Appellant's aggravated assault term of imprisonment was "over. It's literally going to be over." *Id.* Appellant claims that he entered his plea based upon the trial court's false assurances regarding the credit for time served.

Given the trial court's language during the plea hearing, Appellant's claim raises a genuine issue of material fact as to whether Appellant "understood what the plea connoted and its consequences" because, it appears, the trial court falsely assured Appellant that, if he agreed to the deal,

- 12 -

he would be entitled to three years of credit for time served on the sentence. *See Eichinger*, 108 A.3d at 832 (internal quotations and citations omitted). Further, since Appellant also claims that he is innocent of the aggravated assault, Appellant has raised a genuine issue of material fact as to whether his plea was "unlawfully induced where the circumstances make it likely that the inducement caused [Appellant] to plead [*nolo contendere*] and [Appellant] is innocent." 42 Pa.C.S.A. § 9543(a)(2)(iii). The PCRA court thus erred when it dismissed this claim without holding an evidentiary hearing.

In like fashion, we conclude that the PCRA court erred when it dismissed Appellant's ineffective assistance of counsel claim without holding an evidentiary hearing. To be sure, Appellant's counsel was present during the entire plea hearing and counsel presumably heard the trial court inform Appellant that he was entitled to years of credit for time served on the ensuing sentence. *See* N.T. Plea Hearing, 7/23/15, at 1-24. Yet, counsel failed to correct the trial court; further, counsel failed to explain to Appellant that the trial court does not calculate credit for time served and that the trial court thus could not guarantee Appellant's time-served would be credited towards his aggravated assault sentence. In addition, since Appellant contends that his counsel also "assured him he would get the time credit in question," there is a genuine issue of material fact as to whether Appellant's ineffective assistance claim has arguable merit. Appellant's Amended PCRA Petition, 7/7/16, at 7. Since Appellant also claims that counsel had no reasonable basis for his faulty advice and that "but for counsel's errors, [Appellant] would not

- 13 -

have pleaded guilty and would have insisted on going to trial," Appellant has pleaded a valid ineffective assistance of counsel claim. *Id.*; *see also Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa. Super. 2013) (internal quotations and citations omitted); *see also* Appellant's *Pro Se* PCRA Petition, 10/10/15, at 2 (Appellant declares: "[Appellant] was [given] ineffective assistance of counsel when he was denied his right . . . to be confronted with the witness against him"). The PCRA court erred when it dismissed this claim without holding an evidentiary hearing.[4]

Order vacated. Case remanded. Jurisdiction relinquished.

_____

[4] The Commonwealth argues that the PCRA court properly dismissed Appellant's petition because:

> [Appellant] affirmed in both his written plea colloquy and his statements on the record during the plea colloquy that the only promises made with respect to the plea were for a sentence of [two and one-half] to five years' incarceration to run concurrent with any other sentence, with credit for time served, and that all other charges would be dropped. The [trial] court sentenced him in accordance with the terms of the plea agreement. [Appellant] got exactly the benefit of the bargain he entered.

Commonwealth's Brief at 7.

We disagree with the Commonwealth. At the very least, Appellant's petition raises a genuine issue of material fact as to whether the trial court assured Appellant of the amount of credit he was going to receive for time served on his aggravated assault sentence. Further, since Appellant has claimed that his trial counsel was present during the plea hearing and not only failed to correct the trial court, but also "assured [Appellant that] he would get the time credit in question," Appellant is entitled to an evidentiary hearing on both his ineffective assistance and unlawful inducement claims. *See* Appellant's Amended PCRA Petition, 7/7/16, at 7.

- 14 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/28/18</u>