**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jeremy ANTHONY a/k/a Jeremy Franklin, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 12, 2002.

Filed Jan. 7, 2004.

Susan B. Lope, Butler, for appellant.

Timothy F. McCune, Asst. Dist. Atty., Butler, for Com., appellee.

BEFORE: STEVENS, BOWES, and OLSZEWSKI, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Com- mon Pleas of Butler County on December 20, 2001, following Appellant's plea of guilty, but mentally ill, to charges of rape,[1] involuntary deviate sexual intercourse,[2] ag- gravated assault with a deadly weapon,[3] unlawful restraint,[4] and criminal trespass.[5] We affirm the judgment of sentence.

¶ 2 The above charges stem from the brutal rape and assault of a woman at her place of employment on May 23, 1997. On February 3, 1998, Appellant appeared be- fore the court and entered the above plea. Due to the nature of the offenses, namely the rape and involuntary deviate sexual intercourse offenses, the court ordered the State Sexual Offender Assessment Board to assess whether Appellant was a sexually violent predator under the Registration of Sexual Offenders Act, 42 Pa.C.S.A. §§ 9791–9799, generally referred to as Me- gan's Law (hereinafter "Megan's Law I"). After the Board completed its assessment, a hearing was held and a determination was made by the court that Appellant was a sexually violent predator. Pursuant to the plea agreement and the mandates of Megan's Law I, Appellant was sentenced to an aggregate term of imprisonment of ten (10) years to life, and directed to regis- ter as a sexually violent predator. *See* N.T. 5/22/98 at 81–85.

¶ 3 Thereafter, the Pennsylvania Su- preme Court and a majority of this Court declared that the process of determining whether a defendant was a sexually violent predator under Megan's Law I was uncon- stitutional. *See Commonwealth v. Williams*, 557 Pa. 285, 733 A.2d 593 (1999)[6]; *Commonwealth v. Halye*, 719

---

1. 18 Pa.C.S.A. § 3121(a)(1) and (1).

2. 18 Pa.C.S.A. § 3123(a)(1) and (2).

3. 18 Pa.C.S.A. § 2702(a)(4).

4. 18 Pa.C.S.A. § 2902.

5. 18 Pa.C.S.A. § 3503(a)(1)(ii).

6. The Supreme Court concluded that the sex- ually violent predator provisions of Megan's Law I, which placed the burden upon the defendant to rebut the presumption that he was a sexually violent predator by clear and

A.2d 763 (Pa.Super.1998). Based thereon, Appellant filed a petition for post-conviction relief contending, *inter alia*, that he was serving an illegal sentence. The court granted Appellant's petition, in part, and vacated his judgment of sentence.

¶ 4 On May 10, 2000, the legislature amended Megan's Law I, to become effective sixty days thereafter (hereinafter "Megan's Law II").[7] Prior to Appellant's resentencing on December 20, 2001, the Commonwealth withdrew a previously made request to have Appellant subject to the sexually violent predator provisions of Megan's Law II regarding lifetime imprisonment. The Commonwealth, however, maintained its request to have the court follow the registration and address verification provisions of Megan's Law II. Appellant filed a motion for extraordinary relief challenging these requirements, which, following a hearing, was denied by the court.

¶ 5 On December 20, 2001, Appellant was sentenced to an aggregate ten (10) to twenty (20) year term of imprisonment, followed by a twenty (20) year term of probation, with probation to commence following completion of parole. The court also notified Appellant of the registration and address verification provisions imposed on him and the penalties for failure to comply with such requirements. *See* N.T. 12/20/01 at 42–45. The present appeal followed.[8]

¶ 6 Herein, Appellant raises the following questions for review:

1. Did the Sentencing Court err in applying Chapter 97, Subchapter H, of Title 42 of Pennsylvania Consolidated Statutes (Megan's Law II) where Appellant's conviction occurred before the effective date of this law?

2. Did the Sentencing Court err in applying Megan's Law II where the registration and address verification, and penalty for failing to comply with the registration and address verification requirements, increase the potential sentence that could be imposed on Appellant?

3. Does Megan's Law II violate the Due Process Clause of both the United States and Pennsylvania Constitutions?

    A. Does Megan's Law increase the penalties to which a defendant is exposed, thereby requiring the protection of the Due Process Clause of both the United States and Pennsylvania Constitutions?

    B. Does Megan's Law II increase the penalties to which a defendant is exposed beyond that provided by statute, thereby constituting an illegal sentence as prohibited by the Due Process Clause of both the United States and Pennsylvania Constitutions?

Brief of Appellant at 6 (answers of sentencing court omitted).

¶ 7 Turning to Appellant's first contention, that the court erred in applying the registration and address verification requirements of Megan's Law II in that his conviction occurred prior to the effec-

convincing evidence, failed to meet Fourteenth Amendment scrutiny.

7. Under Megan's Law II, the Commonwealth bears the burden of proving by clear and convincing evidence that an individual convicted of a predicate offense is a sexually violent predator.

8. Pursuant to the court's order to do so, Appellant filed a concise statement of matters complained of on appeal, to which the court issued an opinion in accordance with Pa. R.A.P. 1925(a).

tive date thereof, this Court has stated that:

> Our Supreme Court has held that there is no violation of any ex *post facto* provision in requiring registration when the acts underlying an individual's conviction occurred prior to the effective date of the registration requirements. *Commonwealth v. Gaffney*, 557 Pa. 327, 733 A.2d 616, 617 (1999). The Court reasoned that the purpose of the legislation in requiring the registration of certain sex offenders was not punitive, but rather to promote public safety. *Id.* at 619. Accordingly, Appellant is entitled to no relief [on his claim that he is not subject to the registration requirements].

*Commonwealth v. Fleming*, 801 A.2d 1234, 1238 (Pa.Super.2002), *quoting Commonwealth v. Miller*, 787 A.2d 1036, 1040 (Pa.Super.2001). Thus, Appellant's claim predicated on this basis is without merit.

¶ 8 Appellant's remaining claims are premised on the contention that the court's application of the registration and address verification requirements of Megan's Law II and the penalties set forth for failure to comply therewith are violative of his constitutional right to due process, in that these provisions increase the penalties beyond that which is provided by the statute.

¶ 9 The constitutionality of Megan's Law II was recently considered by the Supreme Court in *Commonwealth v. Williams*, 574 Pa. 487, 832 A.2d 962 (2003). The central issue in *Williams* was whether the registration, address notification, and counseling requirements of Megan's Law II, applicable to individuals deemed to be sexually violent predators, constituted criminal punishment.[9] The Court also de-termined the constitutionality of the enforcement provisions for those who fail to comply with registration, notification, and counseling requirements.

¶ 10 As to the registration, address notification, and counseling requirements of Megan's Law II, the Supreme Court in *Williams*, applying the two-level inquiry utilized by the United States Supreme Court in *Smith v. Doe I*, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003), held that such requirements do not constitute criminal punishment for constitutional purposes. Relying on the Supreme Court's reasoning in *Williams*, this Court, in *Commonwealth v. Rhoads*, 836 A.2d 159 (Pa.Super.2003), discussed the constitutionality of the requirements in question as follows:

> In light of our Supreme Court's holding [in *Williams* ], we find all of appellant's constitutional challenges, which hinge on the underlying assumption that the registration, notification and counseling provisions of [Megan's Law II] constitute criminal punishment and therefore, individually or collectively, violate one's constitutional rights by imposing an additional punishment without providing due constitutional safeguards, to be without merit.

¶ 11 Therefore, Appellant's constitutional challenge to the registration and address verification requirements of Megan's Law II is without merit.

¶ 12 As noted above, Appellant further contends that the penalty for non-compliance with the registration and address verification requirements of Megan's Law II is violative of his rights. The penalty provisions at issue provide as follows:

---

9. The Supreme Court noted that in connection with due process issues, such as those before the Court, "the question of whether [the registration, notification, and counseling requirements] under Megan's Law II are punitive in nature is the threshold due process inquiry." *Williams*, 574 Pa. at 501, 832 A.2d at 970 n. 13.

An individual subject to [lifetime] registration under [Megan's Law II] who fails to register with the Pennsylvania State Police as required in this section commits a felony of the first degree and shall be sentenced to a mandatory minimum sentence of probation for the remainder of the individual's lifetime and may be sentenced to a period of incarceration of up to the individual's lifetime.

42 Pa.C.S.A. § 9795.2(d)(2).

An individual subject to [lifetime] registration under [Megan's Law II] who fails to verify his residence or to be photographed as required in this section commits a felony of the first degree and shall be sentenced to a mandatory minimum sentence of probation for the remainder of the individual's lifetime and may be sentenced to a period of incarceration of up to the individual's lifetime.

42 Pa.C.S.A. § 9796(e)(2).

¶ 13 In *Williams,* the Supreme Court stated, in pertinent part, as follows:

The import of the above provisions is that, any failure to comply with registration and verification procedures, as outlined in [Megan's Law II], can subject a sexually violent predator to life in prison. While it is understandable that the General Assembly would wish to provide a means of enforcing its registration and address verification scheme, the method it has chosen involves recognized punitive measures (incarceration and probation) that carry a possible lifetime term. As such measures are manifestly in excess of what is needed to ensure compliance, they must be considered punitive, and thus, unconstitutional insofar as they purport to apply to 'individual[s] subject to registration under section 9795.1(b)[ ](3),' that is, sexually violent predators.

*Williams,* 574 Pa. at ——, 832 A.2d at 985 (footnote omitted).

¶ 14 Thus, the Supreme Court invalidated the prescribed penalties for failing to register and verify one's address set forth in Megan's Law II, but noted that these provisions were severable from the above-discussed valid provisions contained therein.

¶ 15 Based on the foregoing, we affirm the judgment of sentence.

¶ 16 Affirmed.