J-S32020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALVIN MOORE | : | |
| | : | |
| Appellant | : | No. 735 MDA 2017 |

Appeal from the Judgment of Sentence March 24, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003639-2015

BEFORE:     PANELLA, J., NICHOLS, J., and PLATT, J. [*]

MEMORANDUM BY NICHOLS, J.:                **FILED SEPTEMBER 26, 2018**

Appellant Alvin Moore appeals from the judgment of sentence of forty to eighty month's imprisonment for failing to register as a sexual offender under former Section 4915(a)(1).[1]  Appellant claims that his conviction must be vacated in light of **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). We agree that we are constrained to vacate the judgment of sentence. However, we remand this matter to the trial court for further proceedings consistent with this memorandum.

The procedural and factual history of this appeal is not in dispute.  On April 16, 1998, Appellant pled guilty to one count each of rape and involuntary

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 4915.1(a)(1).

deviate sexual intercourse for offenses committed in 1993 (1998 conviction). At the time of Appellant's 1998 conviction, Megan's Law I was in effect and required him to register for ten years.[2] In 2000, while Appellant was incarcerated, Megan's Law II took effect and required that Appellant register for life.[3]

Appellant was released from incarceration in July 2005, when Megan's Law III was in effect. Upon Appellant's release, a counselor informed him that he needed to notify authorities of a change in residence within ten days.[4] Appellant left Pennsylvania for Virginia and then moved to New York.

---

[2] **See** 42 Pa.C.S. §§ 9791-9795 (expired); **see also Commonwealth v. Gaffney**, 733 A.2d 616, 622 (Pa. 1999) (rejecting an offender's ex post facto claim regarding Megan's Law I).

[3] **See** 42 Pa.C.S. §§ 9791-9799.9 (expired); **see also Commonwealth v. Derhammer**, 173 A.3d 723, 725 (Pa. 2017) (citing 42 Pa.C.S. § 9795.1(b)(2) (expired)); **Commonwealth v. Anthony**, 841 A.2d 542, 544-45 (Pa. Super. 2004) (rejecting an offender's ex post facto claim regarding Megan's Law II).

[4] As noted in **Derhammer**,

> [Lifetime registrants under Megan's Law II] were given ten days to notify the state police of address changes. **See id.** § 9795.2(a)(2) (2000). Any failure to make timely notification constituted a first-degree felony, subjecting the registrant to a mandatory minimum sentence of probation for life and to a discretionary sentence of up to life in prison. **Id.** § 9795.2(d)(2) (2000).[fn3]
>
> > [fn3]This penalty provision was held to be unconstitutionally punitive relative to persons classified as sexually violent predators, as that status could be established without proof

In 2012, the former version of the Sexual Offender Registration and Notification Act (SORNA)[5] took effect. **See** 42 Pa.C.S. §§ 9799.10-9799.41 (subsequently amended). Under SORNA, Appellant's 1998 conviction was classified as a Tier III offense and carried a lifetime registration requirement.[6] **See** 42 Pa.C.S. §§ 9799.14(d), 9799.15(a)(3) (subsequently amended).

In August 2015, the Pittstown, Pennsylvania police department received information that Appellant was residing at 20 Wilford Street in Pittstown. An investigation revealed that Appellant was subject to a lifetime registration requirement, was receiving mail at the Wilford Street residence, and was seen staying at the residence, but had not registered a residence in Pennsylvania.

_____

> to a jury beyond a reasonable doubt. **See** [**Commonwealth v. Williams**, 832 A.2d 962, 985 (Pa. 2003)].

**Derhammer**, 173 A.3d at 725 & n.3.

[5] For the purpose of this memorandum, SORNA refers to the former version of the statute that was considered in **Muniz**. We note that the General Assembly amended SORNA in response to **Muniz** in February of 2018, added Subchapter I regarding sexual offenders who committed offenses before December 20, 2012, **see** 42 Pa.C.S. § 9799.51-9799.75, and created a new failure to register provision for offenders required to register as required under Subchapter I. **See** 18 Pa.C.S. § 4915.2. Currently, Section 4915.1 applies to offenders who committed predicate crimes after December 20, 2012. Because Appellant was convicted under former Section 4915.1, we do not consider the applicability of these recent changes in the law.

[6] SORNA created a new verification process requiring sexual offenders to report a change of address in person within three days. **See** 42 Pa.C.S. § 9799(g)(2). With SORNA taking effect, the former provision addressing the failure to register, 18 Pa.C.S. § 4915 (expired), was allowed to expire in 2012. Section 4915.1 replaced former Section 4915.

The police arrested Appellant on August 27, 2015, and Appellant was initially charged under an expired version of the failing to register provision. *See* 18 Pa.C.S. § 4915 (expired). The Commonwealth amended the charge to former section 4915.1(a)(1), which was in force at that time.

Appellant proceeded to a nonjury trial at which the Commonwealth presented the testimony of the investigating detective and a mail carrier. Additionally, the Commonwealth admitted evidence that Appellant reviewed and signed a Megan's Law notification packet when he was released from prison in 2005.[7]

Appellant testified that he maintained a residence in New York and was merely visiting his friend, Sabrina Keating, at the Wilford Street address. Appellant maintained that he was only thinking about moving back to Pennsylvania when he was arrested. Keating testified in support of Appellant's claim that he would visit overnight, but did not reside at the Wilford Street residence.

The trial court found Appellant guilty of violating Section 4915.1(a)(1). On March 24, 2017, the court sentenced Appellant to forty to eighty months' imprisonment. Appellant timely filed post-sentence motions, which the court denied on April 21, 2017.

Appellant timely appealed. On June 28, 2017, after obtaining an extension of time, Appellant filed a Pa.R.A.P. 1925(b) statement purporting to

---

[7] At trial, the Commonwealth proceeded as if Appellant had failed to register under the ten-day update period in effect at the time of Appellant's release.

challenge the sufficiency of the evidence in light of his and Keating's testimony. Three weeks later, on July 19, 2017, the Pennsylvania Supreme Court decided *Muniz*. Appellant did not seek leave to file an amended Rule 1925(b) statement in the trial court.

On November 21, 2017, the trial court filed an opinion responding to Appellant's Rule 1925(b) statement. On January 8, 2018, Appellant filed an application for relief in this Court seeking remand for the filing of a supplemental Rule 1925(b) statement to include an issue based on *Muniz*. Alternatively, Appellant sought leave to raise *Muniz* in his brief. This Court granted Appellant leave to address the applicability of *Muniz* in his brief.[8] Order, 1/12/18.

Appellant raises the following issue for review: "Whether Appellant's conviction under [SORNA] violate[s] the Ex Post Facto clauses of the Pennsylvania and United States Constitutions." Appellant's Brief at 1.

Appellant asserts that *Muniz* "held that the provisions of SORNA which obligate a person to register, verify or provide information to the Pennsylvania State Police cannot apply retroactively where an underlying sexual offense **occurred** prior to December 20, 2012." *Id.* at 8 (emphasis in original). From this, Appellant argues that he "never should have been subject to SORNA's requirements and cannot be punished for failure to abide by [those requirements]." *Id.* at 7.

---

[8] Given this procedural history, the trial court did not have an opportunity to address Appellant's *Muniz* claim.

- 5 -

The Commonwealth does not contest Appellant's assertion that SORNA should not apply retroactively to him. **See** Commonwealth's Brief at 6. The Commonwealth suggests, however, that Appellant's claim based on **Muniz** must be raised as a collateral challenge to his 1998 conviction. **Id.**

We regard Appellant's arguments as a challenge to the sufficiency of the evidence.[9] **See** Appellant's Brief at 7 (asserting that Appellant cannot be punished for his failure to comply with a registration requirement that did not apply to him). Thus,

> we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense. Additionally, to sustain a conviction, the facts and circumstances which the Commonwealth must prove, must be such that every essential element of the crime is established beyond a reasonable doubt.

**Commonwealth v. Moreno**, 14 A.3d 133, 136 (Pa. Super. 2011) (citations omitted). All issues raised in this appeal involve questions of law. Thus, the standard of our review is *de novo*, and the scope of our review is plenary. **See Commonwealth v. Giulian**, 141 A.3d 1262, 1266 (Pa. 2016); **Commonwealth v. Horning**, ___ A.3d ___, 2018 PA Super 204, 2018 WL 3372367, at *2 (filed July 11, 2018); **Commonwealth v. Giron**, 155 A.3d 635, 638 (Pa. Super. 2017).

---

[9] Because Appellant's claim goes to the sufficiency of the evidence, we discern no merit to the Commonwealth's argument that Appellant's challenge to the instant conviction must be deferred to a post-conviction collateral proceeding related to the 1998 conviction.

Section 4915.1 provides, in relevant part:

> **(a) Offense defined.—**An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to:
>
> > (1) register with the Pennsylvania State Police as required under **42 Pa.C.S. § 9799.15** (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police)[.]

18 Pa.C.S. § 4915.1(a) (emphasis added). Thus, the failure to register "as required under 42 Pa.C.S. § 9799.15" is an element of the offense under Section 4915.1(a). *See* 18 Pa.C.S. § 103 (defining an element of an offense as conduct or an attendant circumstance that is "included in the description of the forbidden conduct in the definition of the offense").

At the time of Appellant's conviction, Section 9799.15 set forth the following relevant requirement:

> **(g) In-person appearance to update information.—**In addition to the periodic in-person appearance . . . an individual specified in section 9799.13 [as a sexual offender required to register] shall appear in person at an approved registration site within three business days to provide current information relating to:
>
> > * * *
>
> > (2) A commencement of residence, change in residence, termination of residence or failure to maintain a residence, thus making the individual a transient.

42 Pa.C.S. § 9799.15(g)(2).

Although not in dispute in the present appeal, the following background to *Muniz* is relevant. In *Muniz*, the offender was found guilty of indecent

assault in 2007. *Muniz*, 164 A.3d at 1193. Sentencing was initially scheduled for May 8, 2007, at which time the offender would have been subject to a ten-year registration period under Megan's Law III. *Id.* However, before sentencing, the offender fled Pennsylvania and was not returned to the Pennsylvania until 2014, at which time SORNA was in effect and required the imposition of a lifetime registration requirement. *Id.* After sentencing, the offender filed a post-sentence motion claiming that a ten-year registration period applied, which the trial court denied. *Id.* This Court affirmed the offender's conviction.

Five of the six participating justices in *Muniz*[10] concluded that SORNA constituted an ex post facto law.[11] *See id.* at 1218 (Dougherty, J., with Baer

---

[10] Justice Dougherty authored the lead opinion in *Muniz*, which Justices Baer and Donahue joined. Justices Wecht and Todd joined parts of the lead opinion, and Justice Wecht filed a concurring opinion, which Justice Todd joined. Chief Justice Saylor filed a dissenting opinion. Justice Mundy did not participate.

[11] When considering whether a law violates ex post facto principles, a court follows a two-part test. *See Williams*, 832 A.2d at 971. First, a court must consider "whether the legislature's intent was to impose punishment[.]" *Id.* Second, if the intent was not to impose punishment, a court considers "whether the statutory scheme is nonetheless so punitive either in purpose or effect as to negate the legislature's non-punitive intent." *Id.* A court's analysis of the second part of the test is guided by multiple factors, including:

> (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment—retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is

and Donahue, JJ. joining) ("the retroactive application of SORNA to appellant violate[d] the ex post facto clause of the United States Constitution") & 1223 (holding that "SORNA's registration provisions [were] also unconstitutional under the state [ex post facto] clause"); *id.* at 1224 ( (Wecht, J., concurring, with Todd, J. joining) ("the retroactive application of [SORNA] violates Article I, Section 17 of the Pennsylvania Constitution"). Notably, the majority of justices found it appropriate to consider SORNA as a whole and concluded that the registration requirements, as well as the publication requirements, favored finding that SORNA is "punitive in effect despite its expressed civil remedial purpose." *Id.* at 1208-18; *see also id.* at 1224.

More recently, in *Horning*, this Court followed *Muniz* and concluded the application of the former version of SORNA was unconstitutional as applied to an offender who committed crimes including rape and involuntary deviate sexual intercourse between 2002 and 2004. *Horning*, 2018 WL 3372367 at *1-2. At the time of the offender committed his crimes in *Horning*, Megan's

_____

  assignable for it; and (7) whether it appears excessive in relation
  to the alternative purpose assigned.

*Id.* at 973 (reciting the factors enunciated in *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 168-69 (1963)).

Further, a penal law must be "retrospective," disadvantage a defendant, and fall within one of four categories of ex post facto laws recognized in *Calder v. Bull*, 3 U.S. 386 (1798). *Muniz*, 164 A.3d at 1195-96 (citation omitted). A law that "changes the punishment, and inflicts a greater punishment," than the prior law is recognized as an ex post facto law. *Id.* at 1195 (citation omitted).

Law II was in effect and required that he register for life. *Id.* at *4. The offender pled to the guilty to charges and was sentenced in 2017. *Id.* at *1-2. At that time, the offender was ordered to register for life under the former version of SORNA. *Id.* at *2. This Court concluded:

> While SORNA did not enhance the registration period for [the offenses], it did augment the registration requirements for all Tier III offenders, which included quarterly in-person reporting and the posting of their personal information on the Pennsylvania State Police website. As our Supreme Court pointed out in *Muniz*, these additional registration requirements constitute a greater punishment than what Megan's Law would have imposed and consequently, their retroactive application violates the ex post facto clause of the Pennsylvania Constitution.

*Id.* at *5 (citations and italics omitted).

Returning to the specific issue in this appeal, Appellant's conviction for failing to register under former Section 4915.1(a)(1) required the Commonwealth to prove that Appellant failed to register "as required under 42 Pa.C.S. § 9799.15." *See* 18 Pa.C.S. § 4915.1(a)(1). However, Appellant, like the offenders in *Muniz* and *Horning*, committed the underlying sexual offenses before the enactment of SORNA.

Thus, pursuant to *Muniz*, Appellant could not have been required to comply with SORNA, including Section 9799.15, without violating the prohibition against ex post facto laws. *See Muniz*, 164 A.3d at 1223 (vacating that portion of the sentence requiring the offender to comply with SORNA); *Horning*, 2018 WL 3372367 at *5. It follows that Appellant could not be convicted for failing to register as required under SORNA, when imposing a

duty to do so would be unconstitutional. Therefore, we conclude that Appellant's conviction for failing to register under former section 4915.1 must be vacated.

Nevertheless, it is undisputed that Appellant committed rape and involuntary deviate sexual intercourse in 1993 for which he was convicted in 1998. Accordingly, we remand this case to the trial court to determine and, if necessary, notify Appellant of his registration requirements.

Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2018

- 11 -