J-S18044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY D. PITTENGER, JR. | : | |
| | : | |
| Appellant | : | No. 1566 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 27, 2017
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001531-2016

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MAY 28, 2019**

Appellant, Ricky D. Pittenger, Jr., appeals, *nunc pro tunc*, from the judgment of sentence entered in the Court of Common Pleas of Lycoming County after he pleaded no contest to indecent assault, corruption of minors, and indecent exposure.  Contemporaneous with this appeal, appointed counsel has filed an Anders brief along with a motion to withdraw as counsel.  After careful review of the submissions by the parties,[1] relevant law, and the certified record, we affirm and grant counsel's petition to withdraw.

The trial court aptly sets forth the pertinent facts and procedural history of the case, as follows:

> By way of background, Appellant Ricky Pittenger, Jr. was charged with indecent assault of a complainant less than 13 years of age, corruption of minors, indecent exposure, and rape of a child as a

---

[1] On February 12, 2019, the Commonwealth filed a letter advising that it would not submit a brief in this case.

---

*   Former Justice specially assigned to the Superior Court.

result of engaging in sexual conduct with a child. Appellant's crimes came to light after his wife walked into a bedroom and observed the eleven-year-old child lying at the edge of the bed with her legs spread and up and Appellant standing between her legs. Although both were still clothed during this particular incident, the sexual nature of the pose was readily apparent to Appellant's wife.

Appellant's wife asked the child if Appellant had touched her, the child said "yes," and Appellant's wife called 9-1-1. The child was subsequently interviewed at the hospital by a SANE nurse and at the Children's Advocacy Center (CAC). During these interviews, the child revealed that Appellant had been touching her inappropriately for years, and also that he penetrated her vagina with his fingers and his penis. *See* Transcript of Tender Years Hearing, 2/16/17, at 6-15, 25-59.

On March 9, 2017, Appellant pled no contest to indecent assault of complainant less than 13 years of age, a felony of the third degree, corruption of minors, a felony of the third degree, and indecent exposure, a misdemeanor of the first degree, in exchange for dismissal of the rape charge and an aggregate minimum sentence of 27 months' incarceration.

On June 27, 2017, the court sentenced Appellant to an aggregate term of 27 months to 19 years' incarceration in a state correctional institution, which consisted of 1 to 7 years for indecent assault, 1 to 7 years for corruption of minors, and 3 months to 5 years for indecent exposure.

Although Appellant wished to appeal, his attorney failed to file an appeal on his behalf. When Appellant realized his attorney had not filed his requested appeal, Appellant filed a Post Conviction Relief Act (PCRA) petition and his appeal rights were reinstated *nunc pro tunc*.

[The court appointed counsel and directed her to file a notice of appeal within 30 days, which she did. Counsel thereafter complied with the trial court's directive to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).]

Appellant asserts two issues on appeal:

> 1. Whether [Appellant's] plea was unlawfully induced because the Commonwealth did not have a strong case against him as the victim was not going to testify and [the Commonwealth] acknowledged such at sentencing.
>
> 2. Whether [Appellant's] fifth and fourteen[th] amendment rights were violated based on the lack of evidence.

Trial Court Opinion, 1/3/19, at 1-2. Counsel, however, has filed an application to withdraw and a brief in this Court pursuant to *Anders v. California*, 386 U.S. 738 (1967).

As a preliminary matter, counsel seeks to withdraw his representation pursuant to *Anders, supra* and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009). *Anders* and *Santiago* require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court may then evaluate the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246

(Pa.Super. 2006). *See also Commonwealth v. Dempster*, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor [*Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> * * *
>
> Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Here, counsel has complied with the technical requirements of **Anders**/**McClendon**.[2]  Accordingly, we proceed.  In the **Anders**/**McClendon** brief, counsel presents Appellant's question of whether Appellant "was unlawfully induced" to enter a plea of no contest, as the Commonwealth did not have a strong case against him in light of its acknowledgement during sentencing that the child victim would not testify if the case proceeded to trial. Specifically, the **Anders** brief points to the Commonwealth's argument during Appellant's sentencing hearing as the basis for Appellant's claim:

> **COMMONWEALTH:**    I understand this is a no contest plea, but the Commonwealth is troubled by the fact that there is no acceptance of responsibility even up until this point on the part of the defendant.  The victim gave an incredibly detailed description of what had happened at the CAC interview, telling that this wasn't, in fact, the only time it happened, it was over a period of time despite what the persons from the Sexual Offenders Assessment Board found.
>
> Her mother had walked in on this.  I think that if this had gone to trial without such strong evidence we may have been in a position to – that it might not have been such a strong case.  But the fact that her mother walked in on it and saw it, and then coupled with the child's description, we find it a little, I guess troubling and odd that the defendant continues to deny it.
>
> However, there was a plea agreement of the fact that the child was going to be unable to testify at the proceedings despite

---

[2] Counsel provided Appellant with a letter advising of his rights pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005) (counsel seeking to withdraw on direct appeal must provide to client a copy of the **Anders** brief with a letter advising client of his right to (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief).  The letter was filed with this Court separately from the withdrawal petition and the **Anders** brief.

getting the ruling that we did from the court. Emotionally she wasn't doing very well, and I don't think anybody can blame her at this point. So we would ask the Court to go along with the plea agreement, and as far as the maximum we would ask for the highest maximum possible. . . ."

Sentencing Transcript, 6/27/17, at 10.

A *nolo contendere* or no contest plea is treated the same as a guilty plea "in term of its effect upon a case." **Commonwealth v. Leidig**, 850 A.2d 743, 745 (Pa.Super. 2004), *aff'd*, 598 Pa. 211, 956 A.2d 399 (2008). "Upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014).

Here, because Appellant did not challenge the voluntariness of his plea in the trial court prior to filing his notice of appeal, any such claim is waived on direct review. **See Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa.Super. 2008) ("[A] request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal."). Pursuing a waived claim, moreover, is frivolous. **Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa.Super. 2008). In addition, to the extent Appellant's claim is understood to assert that plea counsel unlawfully induced his plea, the claim is properly pursued through the PCRA after Appellant's judgment of sentence becomes final. **See** 42 Pa.C.S. § 9543(a)(2)(iii).

The second question presented in the **Anders** brief assails Appellant's judgment of sentence as being unsupported by sufficient evidence of guilt. Among the array of constitutional and appellate rights waived when entering a guilty plea, however, is a direct challenge to the sufficiency of the evidence, which implicates neither the jurisdiction of the court nor the voluntariness of the plea. **See generally Commonwealth v. Lincoln**, 72 A.3d 606, 610 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014). Appellant may not prevail upon this claim.

As the certified record amply demonstrates there are no meritorious issues on direct appeal, we affirm the judgment of sentence. Additionally, we grant counsel's motion to withdraw from representation.

Judgment of sentence affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/2019