J-S51010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DY'QUEAL AKEEM LARRY | : | |
| | : | |
| Appellant | : | No. 851 MDA 2018 |

Appeal from the PCRA Order April 26, 2018
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000703-2008

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:            **FILED: NOVEMBER 20, 2019**

Dy'queal Akeem Larry ("Larry") appeals from the order dismissing his fifth serial petition for relief pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court dismissed the untimely petition for lack of jurisdiction. Counsel has filed an **Anders** brief and a petition to withdraw from further representation.[1] We grant the petition to withdraw and affirm the order of dismissal, which denied PCRA relief.

---

[1] **Anders v. California**, 386 U.S. 738 (1967). A **Turner/Finley** "no merit" letter is the appropriate filing where counsel seeks to withdraw from an appeal of the denial of PCRA relief. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, because an **Anders** brief provides greater protection to the defendant, we may accept an **Anders** brief in *lieu* of a **Turner/Finley** no-merit letter. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

Briefly summarized, on December 8, 2008, Larry entered a *nolo contendere* plea to murder of the third degree.[2] His *nolo* plea stemmed from a confrontation that occurred after Larry, working with cohort David Mable, sold counterfeit cocaine to a street customer, Francis Trimboli. When Trimboli realized he had been cheated, he got angry and knocked Larry off the bicycle he was riding. Trimboli's girlfriend, Christine Zelinsky, apparently tried to break up the ensuing scuffle. Larry claimed that he only fired a handgun into the air. Larry's accomplice, Mable, also claimed he fired a handgun into the air. However, one shot, apparently fired by Mable, fatally wounded Zelinsky in the neck. Both Mable and Larry were charged with murder. Both eventually pleaded to third degree murder.

In exchange for Larry's open plea, the Commonwealth agreed not to pursue a maximum sentence. **See** N.T. Hearing, 12/08/08, at 16. Therefore, the plea removed the risk that Larry could be convicted of first-degree murder and subject to a sentence of life without parole.

On January 26, 2009, the trial court sentenced Larry to a term of incarceration of not less than fifteen nor more than forty years in a state correctional institution. The trial court denied Larry's motion for a modification of sentence. No direct appeal was filed. Consequently, Larry's judgment of

---

[2] "Preliminarily, we note that in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. Leidig**, 850 A.2d 743, 745 (Pa. Super. 2004).

sentence became final on February 25, 2009. He had until February 25, 2010 to file a timely PCRA petition.

Larry's four previous PCRA petitions were all unsuccessful. **See Commonwealth v. Larry**, 351 MDA 2016, 159 A.3d 1000 (Pa. Super. filed December 12, 2016), (unpublished memorandum) (affirming denial of fourth PCRA petition).

Larry filed the instant fifth PCRA petition, *pro se*, prematurely on August 17, 2016. The PCRA court appointed counsel to represent Larry. At the conclusion of a PCRA hearing on April 26, 2018, the court denied the petition as untimely.[3]  Larry filed a timely appeal on May 22, 2018. On May 24, 2018, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), the PCRA court directed Larry to file a statement of errors complained of on appeal. On August 27, 2018, he complied. **See** Pa.R.A.P. 1925(b). The PCRA Court filed an opinion on May 1, 2019. **See** Pa.R.A.P. 1925(a).

---

[3] We note the PCRA court's observation that no transcript of the PCRA hearing was provided for the record. **See** Rule 1925(a) Opinion, 5/01/19, at 4. "This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record." **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (citation omitted). A copy of the notes of testimony is attached to the **Anders** brief. This is not compliant with our Rules of Appellate procedure. In any event, nothing in the notes of the hearing would affect our review or disposition.

As previously noted, counsel filed an **Anders** brief, and a motion to withdraw as counsel. Counsel notified Larry of the petition to withdraw, and sent him a copy of the **Anders** brief. Appellant has not responded.

The **Anders** brief presents one question for our review:

Whether the Appellant's appeal that his PCRA was improperly denied as untimely is wholly frivolous and without arguable merit within the meaning of **Anders v. California**, 368 U.S. 728 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009)?

(**Anders** Brief, at 5)[4].

Our standard of review is well-settled.

When reviewing a PCRA court's dismissal of a PCRA petition, this Court "is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that timeliness of PCRA petition is a jurisdictional requisite).

Under the PCRA, a PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed.

---

[4] The Commonwealth did not file a brief. **See** Letter in Lieu of Brief, filed 8/05/19.

- 4 -

***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

In this case, Appellant filed the instant petition more than five years after his judgment of sentence became final following his *nolo contendere* plea. Accordingly, it is facially untimely under the PCRA. However, Pennsylvania courts may consider an untimely PCRA petition if the appellant can plead and prove one of the three exceptions to the statutory time-bar set forth in 42 Pa.C.S.A. § 9545(b), which provides the following:

> **Time for filing petition.**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1)–(2). *See, e.g., Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (applying sixty-day time limit after reviewing specific facts that demonstrated claim was timely raised).

Here, nothing in the record supports a claim under any of the statutory exceptions. Moreover, counsel identifies issues that Larry has mischaracterized (*e.g.*, there was no mandatory minimum sentence), or were previously litigated (*e.g.*, the *nolo* plea), which would not establish an exception to the time-bar.

While the brief fails to cite case law relevant to the question of timeliness, we find the statutory requirements to be correctly identified and the applicable time limits to be straightforward. Further, while counsel has not certified that she served Larry with the brief or the petition to withdraw, she has filed a copy of the *Friend*[5] letter she mailed him which indicates that she enclosed a copy of her *Anders* brief. The *Friend* letter also advises Larry that counsel was contemporaneously filing a petition to withdraw. We are satisfied on review that counsel has substantially complied with the *Turner*/*Finley* requirements. Larry has not filed any response.

On independent review, we agree with counsel's assessment that all of Larry's claims lack merit. Larry's petition is untimely with no statutory exception to the PCRA time bar pleaded or proven. The PCRA court properly

---

[5] *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa. Super. 2006)

decided that it lacked jurisdiction to review Larry's underlying claims. Accordingly, we grant the petition to withdraw and affirm the denial of PCRA relief.

Order affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2019